IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

MARQUETTA CARZELL,
LUELLA CARTER and GLADYS
CHEGE, on behalf of themselves and
all others similarly situated,

                Plaintiffs,

v.

LIFE OF THE SOUTH
INSURANCE COMPANY and
INSURANCE COMPANY OF THE
SOUTH,

                Defendants.

1:15-cv-3260-WSD

## OPINION AND ORDER

This matter is before the Court on Plaintiffs Marquetta Carzell, Luella Carter and Gladys Chege's (collectively, "Plaintiffs") Motion to Remand [4] and Defendants Life of the South Insurance Company ("Life of the South") and Insurance Company of the South's (together, "Defendants") Motion for Leave to File Surreply [17].[1]

---

[1] Although doubtfully required, the Court will consider the arguments presented in Defendants' Surreply, and Plaintiffs' response to it. Defendants' Motion for Leave to File Surreply is granted *nunc pro tunc*.

**I.     BACKGROUND**

On August 6, 2015, Plaintiffs brought this class action in the Superior Court of Fulton County, Georgia.  (Compl. [1.4]).[2]  Defendants are insurance companies that provide credit life, disability, accident, and property insurance to consumers at the time they obtain, or renew, an installment loan.[3]  (Id. ¶ 4).  Plaintiffs assert that Defendants contract with installment lenders, such as World Acceptance Corporation ("World"), to "push" Defendants' insurance products and, in return, Defendants pay the lender a "kickback," often more than 70% of the total insurance premium.  (Id. ¶¶ 6-9).  The insurance premium is added to the principal of the installment loan, and borrowers are encouraged to renew their loans every few months, at which time new insurance premiums are assessed.  (Id. ¶ 37).

---

[2]     This is a renewed action under Georgia law.  On June 4, 2015, Plaintiffs filed a similar complaint against Defendants in the Superior Court of Fulton County, Georgia, which Defendants removed to this Court on July 16, 2015.  See No. 1:15-cv-2535-WSD (N.D. Ga.).  On August 5, 2015, Plaintiffs voluntarily dismissed that action.  The next day, Plaintiffs filed their Complaint in this action, "with the allegations clarified to specifically define the classes to include *only* Georgia citizens."  (Mot. to Remand at 4; compare complaint filed in 1:15-cv-3260, Doc. 1 at ¶ 147 (for each class, defining class members as "[a]ll natural persons who . . .") with complaint filed in this case [1.4] at ¶ 147 (for each class, defining class members as "all Georgia citizens who . . .")).

[3]     Plaintiffs allege that the installment loans at issue here are similar to "payday loans," in that they are "small-dollar, high-cost loans" marketed to low-income borrowers with poor credit or little credit history.  (Compl. ¶¶ 3, 23-25).  Plaintiffs allege that they have "extremely high interest rates" and "are frequently 'renewed' by borrowers unable to make timely payments."  (Id.).

Plaintiffs claim that Defendants wrongfully: (1) fail to provide insurance policy refunds directly to consumers when a loan is renewed; (2) set premiums that do not reflect the value of the policy because the premiums consist mostly of kickbacks paid to lenders; and (3) enforce unconscionable agreements, including redundant automobile insurance policies for automobiles that are already fully covered by other insurance policies.  (See generally id. ¶¶ 11-12, 23-86).  Plaintiffs assert claims under Georgia law for breach of contract, unconscionability, unjust enrichment, negligence, and bad faith.  Plaintiffs seek compensatory damages, disgorgement of all insurance premiums paid by class members, punitive damages, and attorneys' fees and costs.  (See generally id. ¶¶ 162-201).

Plaintiffs are Georgia citizens (id. ¶¶ 14-16), and they seek to represent other Georgia citizens who, they claim, are similarly situated.  In their Complaint, Plaintiffs define three proposed classes:

> i. *All Georgia citizens* who were sold one or more Life of the South and/or Insurance Company of the South credit life, credit disability, accidental death and disability, or personal property insurance policy by World Acceptance as their agent in the State of Georgia (the "Premium Class");

> ii. *All Georgia citizens* who were owed a refund by Life of the South and/or Insurance Company of the South based on the early termination of a credit life, credit disability, accidental death and disability, or property insurance policy procured through World Acceptance as their agent in the State of Georgia, but did not receive

>    that refund in accordance with O.C.G.A. § 33-31-9(c) (the "Refund Class"); and
>
>    iii.   *All Georgia citizens* who purchased a Life of the South and/or Insurance Company of the South property insurance policy through World Acceptance as their agent in the State of Georgia for a vehicle that was already insured against loss or damage (the "Coverage Class") (collectively, the "Classes").

(Id. ¶ 147) (emphasis added).  Plaintiffs "specifically excluded [from the Classes] any individuals who were not Georgia citizens at the time this action was commenced."  (Id. ¶ 148).  Plaintiffs further assert that the "federal courts . . . have no jurisdiction over this case for several reasons," including because "there are no members of the proposed classes who are citizens of states different from either Defendant" because "all Plaintiffs, proposed class members, and Defendants are citizens of Georgia."  (Id. ¶ 22).

On September 16, 2015, Defendants removed the Fulton County Action to this Court pursuant to the Class Action Fairness Act, 28 U.S.C. §§ 1332(d), 1453, and 1711-1715 ("CAFA").  Defendants allege that this matter is brought as a class action under Georgia law; that there are at least 100 members in Plaintiffs' proposed class; and the aggregate value of the claims exceeds the $5 million jurisdictional threshold.  (Notice of Removal [1] at ¶¶ 10-14, 22-31).  Defendants allege further that Life of the South and Insurance Company of the South are incorporated in Georgia and have their principal places of business in Florida.  (Id.

4

¶¶ 17-18). Defendants argue that minimal diversity of citizenship exists, therefore, because Defendants are citizens of Florida, and Plaintiffs are citizens of Georgia. (Id. ¶ 19). Defendants also conclusorily allege, without any factual support, that "minimal diversity is met under 28 U.S.C. § 1332(d)(2)(B) because there is at least one class member who is a citizen of a foreign state and Defendants are citizens of the States of Florida and Georgia." (Id. ¶ 20).

On September 28, 2015, Plaintiffs filed their Motion to Remand, arguing that Defendants fail to show that the citizenship of the parties is minimally diverse.

## II.   DISCUSSION

### A.   Legal Standard

Under CAFA, a federal district court has subject matter jurisdiction over a class action in which: (1) the number of plaintiffs in all proposed plaintiff classes exceeds one hundred; (2) any member of the plaintiff class is diverse from any defendant; and (3) the aggregate of the claims of individual class members exceeds $5 million, exclusive of interests and costs. See Lowery v. Ala. Power Co., 483 F.3d 1184, 1194 (11th Cir. 2007) (citing 28 U.S.C. § 1332(d)(2), (5)(b), (6)). "Prior to CAFA, the Supreme Court had interpreted the 'diversity' requirement of § 1332(a) to require that each named member of the plaintiff class be diverse from each of the defendants." Id. at n.24 (citing Snyder v. Harris, 394 U.S. 332, 340

(1969) & Supreme Tribe of Ben-Hur v. Cauble, 225 U.S. 356 (1921)).  "The new § 1332(d) replaces Ben-Hur's modified 'complete diversity' requirement with a 'minimal diversity' requirement under which, for purposes of establishing jurisdiction, only one member of the plaintiff class—named or unnamed—must be diverse from any one defendant."  Id.  Section 1332(d)(2) provides that minimal diversity exists where:

> (A)  any member of a class of plaintiffs is a citizen of a State different from any defendant;
>
> (B)  any member of a class of plaintiffs is a foreign state or a citizen or subject of a foreign state and any defendant is a citizen of a State; or
>
> (C)  any member of a class of plaintiffs is a citizen of a State and any defendant is a foreign state or a citizen or subject of a foreign state.

28 U.S.C. § 1332(d)(2)(A)-(C).  "CAFA does not change the traditional rule that the party seeking to remove the case to federal court bears the burden of establishing federal jurisdiction."  Evans v. Walter Indus., Inc., 449 F.3d 1159, 1164 (11th Cir. 2006).

Here, the parties do not dispute that the proposed Classes consist of more than 100 members and that the amount-in-controversy requirement is satisfied.[4]

---

[4]  Plaintiffs "estimate the number of members in each Class to be in the thousands."  (Compl. ¶ 150).  Plaintiffs seek, among others, disgorgement of all premiums collected from class members and Plaintiffs allege that, in 2011, Defendants received $26 million in premiums for the vehicle insurance policies

Plaintiffs argue, however, that the Classes are defined to include only Georgia citizens, and thus minimal diversity does not exist because, although Defendants are citizens of Florida, they are also citizens of Georgia.

B.   Analysis

In their Complaint, Plaintiffs define the Classes as "[a]ll Georgia citizens who" were sold, purchased, or were owed a refund based on, certain policies issued by Defendants. (Compl. ¶ 147). Plaintiffs also "specifically excluded [from the Classes] any individuals who were not Georgia citizens at the time this action was commenced." (Id. ¶ 148). It is clear, therefore, that the Classes consist of only Georgia citizens.

Life of the South is incorporated in Georgia and has its principal place of business in Florida. (Vrban Aff. ¶ 3). Insurance Company of the South also is incorporated in Georgia and has its principal place of business in Florida. (Id. ¶ 4). Under 28 U.S.C. § 1332(c)(1), "a corporation shall be deemed to be a citizen of any State by which it has been incorporated *and* of the State where it has its principal place of business." 28 U.S.C. § 1332(c)(1) (emphasis added). Defendants are therefore citizens of both Georgia *and* Florida.

---

issued in connection with World installment loans. (Id. ¶¶ 82, 192). Defendants also show that, in 2014 alone, they collected $5,393,371.52 in premiums for credit disability policies in connection with World installment loans. (Notice of Removal ¶ 28 (citing Vrban Aff. ¶ 5)).

Defendants, however, argue that their Florida citizenship is sufficient to support that they are diverse from at least one member of the Classes. The Court disagrees. To establish minimal diversity under CAFA, Defendants must show that "any member of [the] class of plaintiffs is a citizen of a State different from any defendant." See 28 U.S.C. § 1332(d)(2)(A); see also Lowery, 483 F.3d at 1194 & n.24. Defendants have not, and cannot, show that any member of the Classes—whose membership is, by definition, limited to only Georgia citizens—are citizens of a State different from Defendants. This is because Defendants are citizens of Georgia, even though they are also citizens of Florida. See 28 U.S.C. § 1332(c)(1), (d)(2)(A); Lowery, 483 F.3d at 1194 & n.24; Johnson v. Advance America, 549 F.3d 932, 935-936 (4th Cir. 2008) (where plaintiff class was limited to South Carolina citizens and defendant corporation was incorporated in Delaware and had its principal place of business in South Carolina, rejecting argument that dual citizenship entitles defendant to rely on only its Delaware citizenship to establish minimal diversity under CAFA); Sundy v. Renewable Envtl. Sols., LLC, No. 07-5069-cv-SW-ODS, 2007 WL 2994348, at *3 n.4 (W.D. Mo. Oct. 10, 2007) ("The Court does not agree with Defendant's suggestion that minimal diversity exists unless a member of the class is a citizen of *both* Missouri *and* Delaware.").[5]

---

[5]     Defendants rely on Fuller v. Home Depot Servs., LLC, No. 1:07-cv-1268,

Defendants fail to show that minimal diversity exists between any member of the Classes, who are all Georgia citizens, and Defendants, who are citizens of Georgia and Florida. The Court therefore lacks subject matter jurisdiction over this action, and it is required to be remanded to the Superior Court of Fulton County, Georgia. See 28 U.S.C. § 1447(c) ("If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded.").[6]

---

2007 WL 2345257 (N.D. Ga. Aug. 14, 2007), to support that minimal diversity exists here based on Defendants' dual citizenship. In Fuller, the court stated, without citation:

> [E]ven assuming that the plaintiff and all potential class members are citizens of only Georgia, the minimal diversity requirement is met here because Home Depot is a citizen of a different state—Delaware. In other words, although Home Depot is a citizen of Georgia, it is also a citizen of Delaware and, therefore, is diverse from at least one member of the class. Thus, minimal diversity has been established.

Fuller, 2007 WL 2345257, at *3. The Court does not find Fuller persuasive. The Court agrees with the Fourth Circuit's well-reasoned decision in Johnson, that the plain language of Section 1332 shows that Defendants cannot rely on only one citizenship where their other citizenship would destroy minimal diversity.

[6]   To the extent Defendants argue that Plaintiffs "waived" their challenge to minimal diversity based on foreign citizenship by raising it for the first time in their Reply, it is well-settled that "a jurisdictional defect cannot be waived by the parties and may be raised at any point during the litigation." See, e.g., Allen v. Toyota Motor Sales, U.S.A., Inc., 155 F. App'x 480, 481 (11th Cir. 2005) (citing Harris v. United States, 149 F.3d 1304, 1308 (11th Cir. 1998) (collecting cases)); Ammedie v. Sallie Mae, Inc., 485 F. App'x 399, 401 (11th Cir. 2012) ("In removed cases, a plaintiff cannot waive arguments regarding subject matter jurisdiction by failing to move for remand.").

Defendants' argument that minimal diversity exists under 28 U.S.C. § 1332(d)(2)(B) because "there is at least one class member who is a citizen of a foreign state and Defendants are citizens of the States of Florida and Georgia,"

9

Having concluded that Defendants fail to show that minimal diversity of citizenship exists, the Court does not address whether the local controversy exception to jurisdiction under CAFA applies in this case.  See 28 U.S.C. § 1332(d)(4)(A), (B) (listing circumstances in which "a district court shall decline to exercise jurisdiction"); Evans, 449 F.3d 1159, 1163 n.2.[7]

---

ignores that the definition of the Classes are expressly limited to include only Georgia citizens.  (See Compl. ¶¶ 147-148).  It is well-settled that, "[t]o be a citizen of a state within the meaning of the diversity statute, a natural person must both be a citizen of the United States *and* be domiciled within the State." Newman-Green, Inc. v. Alfonzo-Larrain, 490 U.S. 826, 828 (1989) (citing Robertson v. Cease, 97 U.S. 648-649 (1878)); see also Kanter v. Warner-Lambert Co., 265 F.3d 853, 857 (9th Cir. 2001) ("To be a citizen of a state, a natural person must first be a citizen of the United States.").  Even if they otherwise meet the criteria for membership in one of the Classes, that certain individuals are citizens of a foreign state but live in Georgia precludes their participation because they are not "Georgia citizens," as required by the definition of the Classes in the Complaint.  Plaintiffs, as masters of their Complaint, choose to circumscribe the definition of the Classes to avoid federal subject matter jurisdiction, which they were entitled to do.  See, e.g., Lincoln Prop. Co. v. Roche, 546 U.S. 81, 91 (2005) ("In general, the plaintiff is the master of the complaint and has the option of naming only those parties the plaintiff chooses to sue, subject only to the rules of joinder [of] necessary parties"); Johnson, 549 F.3d at 937-938 ("Undoubtedly, plaintiffs could have expanded their action to fall under the provisions of CAFA, but, as the masters of their complaint, they opted to bring their suit only under South Carolina law and to name only those parties who were South Carolina citizens involved in entirely South Carolina transactions.").  The Court's jurisdiction in this case cannot be based on 28 U.S.C. § 1332(d)(2)(B), and this case is required to be remanded for this additional reason.

[7]   Because the Court lacks subject matter jurisdiction over this action, the Court does not address Defendants' Motion to Add Party [9].

### III. CONCLUSION

For the foregoing reasons,

**IT IS HEREBY ORDERED** that Defendants' Motion for Leave to File Surreply [17] is **GRANTED NUNC PRO TUNC**.

**IT IS FURTHER ORDERED** that Plaintiffs' Motion to Remand [4] is **GRANTED**.

**IT IS FURTHER ORDERED** that this action is **REMANDED** to the Superior Court of Fulton County, Georgia.

**SO ORDERED** this 26th day of April, 2016.

_____
WILLIAM S. DUFFEY, JR.
UNITED STATES DISTRICT JUDGE

11